Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# United States District Court

for the

## DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 29 2008

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

U.S.A. vs. THEODORE MARK BONILLA                    Docket No. CR 04-00198DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of THEODORE MARK BONILLA who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 7th day of March 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. Defendant must participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.

   2. Defendant shall provide the Probation Office access to any requested financial information.

   3. Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. Defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

   That the offender has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

   1. That on or about 3/21/2008, the offender associated with Justin James Meyers, a person convicted of a felony, without the permission of his Probation Officer, in violation of Standard Condition No. 9.

Prob 12C
(Rev. 1/06 D/HI)

2

     Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]    The Issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ]    Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   5/27/2008

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO JR.
Supervising U.S. Probation Officer

ORDER OF COURT

     THE COURT ORDERS the Issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

     Considered and ordered this 27th day of May, 2008, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   **BONILLA, Theodore Mark**
      **Docket No. CR 04-00198DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to the single-Count Information: Unlawful User of a Controlled Substance in Possession of a Firearm, a Class C felony. On 3/7/2005, he was sentenced to fifteen (15) months imprisonment and 3 years supervised release with the special conditions noted in the petition. The offender's term of supervised release began 6/2/2005 in Hilo, Hawaii. Since release, the offender has resided at 18th Street and Makuu in Keaau, Hawaii, with his parents. The offender has been attending Hilo Community College and is expected to graduate in May of 2008. As a special condition of supervised release, the offender entered into substance abuse treatment and successfully completed the program at the Drug Addiction Services of Hawaii, Inc. (DASH), in Hilo, Hawaii, on 5/1/2006.

### Violation No. 1 - The Offender Associated With Justin James Meyers, a Person Convicted of a Felony, Without the Permission of his Probation Officer on 3/21/2008:

On 3/22/2008, the U.S. Probation Office received information that Justin James Meyers (Meyers) had been arrested by investigators with the Hawaii County Police Department (HCPD) and the Drug Enforcement Administration. Meyers was a convicted felon on federal supervision under Docket No. CR 00-00279SOM-01. Investigators had received information that Meyers and Theodore Mark Bonilla (offender) had been dealing methamphetamine in the Kona and Hilo areas of the island of Hawaii. At approximately 11:30 p.m. on 3/22/2008, Meyers was driving a Toyota Tacoma pickup truck when he was stopped by investigators. A package, later determined to contain 89.5 grams of methamphetamine, was observed in the cab of the truck. Inside of the truck driven by Meyers were documents and identification belonging to the offender. A check of the registration of the vehicle revealed that the Tacoma had been registered to the mother of the offender. He was arrested by HCPD. Investigators indicated that the offender admitted to associating with Justin James Meyers during a post-arrest interview. In our questioning of Meyers, he admitted to this officer that he had associated with the offender.

On 3/31/2008, the offender was interviewed in the presence of his attorney, William M. Domingo. He admitted that he had met up with Meyers on 3/21/2008 and the two had traveled to a bar in Kona. The offender related that he knew he was not to associate with Meyers since he had been warned and questioned by this officer on 1/23/2008. He indicated Meyers borrowed his truck but did not return. The offender traveled home with a friend. He admitted that he and Meyers had met before on more than one occasion. The offender apologized to this officer for letting him down.

Re:  **BONILLA, Theodore Mark**
**Docket No. CR 04-00198DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

    Consequently, the offender's actions indicate that he is unable to conform his conduct to the requirements of supervised release. As a result, the Issuance of a Summons is recommended and that the offender be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

_____
KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO JR.
Supervising U.S. Probation Officer

KST/pts

Re: **BONILLA, Theodore Mark**
**Docket No. CR 04-00198DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To: **THEODORE MARK BONILLA**  Docket No. CR 04-00198DAE-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing 6/2/2005.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Theodore Bonilla_       6/21/05
THEODORE MARK BONILLA, Defendant       Date

_____       6/21/05
MARK T. NUGENT       Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE: THEODORE MARK BONILLA
Docket No. CR 04-00198DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) *Defendant must participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.*

2) *Defendant shall provide the Probation Office access to any requested financial information.*

3) *Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. Defendant shall warn any other resident the premises may be subject to search pursuant to this condition.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Theodore Bonilla_  6/21/05
THEODORE MARK BONILLA, Defendant    Date

_____  6/22/05
MARK T. NUGENT             Date
U.S. Probation Officer